UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     CARLA D. ASBERRY | ) | Case No. 06-10233-SSM |
| | ) | Chapter 7 |
|                   Debtor | ) | |
| | ) | |
| HERMAN ASBERRY, III | ) | |
| | ) | |
|                   Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 06-1125 |
| | ) | |
| CARLA D. ASBERRY | ) | |
| | ) | |
|                   Defendant | ) | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS**

Before the court is the motion of the plaintiff to voluntarily dismiss the complaint. The motion is opposed by the defendant unless dismissal is with prejudice and she is reimbursed her fees incurred in defending the action. Having reviewed the motion and the response, the court determines that a hearing and oral argument are not required. LBR 9013-1(L). For the reasons stated, the motion to dismiss will be granted without requiring the payment of the defendant's attorney's fees as a condition of the dismissal.

<u>Background</u>

This is an action to determine the dischargeability, under § 523(a)(15), Bankruptcy Code, of unspecified (and apparently yet-to-be-determined) marital debts. The debtor, Carla D. Asberry, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in

this court on March 16, 2006, and received a discharge of her dischargeable debts on June 19, 2006.  The debtor listed her estranged husband, Herman Asberry, III, as a creditor in an "[u]nknown" amount for "[a]ny claim arising from marriage."  The present action was commenced by Mr. Asberry on June 12, 2006.  The complaint alleges that he and the debtor are parties to a pending divorce suit, suggests that the divorce court may "apportion marital debts between the parties," and seeks a ruling that "any debts arising out of [the] marriage" are nondischargeable under § 523(a)(15).  The debtor filed, albeit ten days late, an answer denying that Mr. Asberry was entitled to the requested relief.[1]  The action is currently in the discovery phase, and the final pretrial conference is scheduled for November 6, 2006.

Discussion

A plaintiff may voluntarily dismiss an adversary proceeding at any time before the adverse party serves an answer or a motion for summary judgment.  Fed.R.Bankr.P. 7041; Fed.R.Civ.P. 41(a)(1).  After an answer or motion for summary judgment has been filed, however, a plaintiff may dismiss the action only with the agreement of the opposing party, or "on order of the court, and upon such terms and conditions as the court deems proper."  Fed.R.Civ.P. 41(a)(2).  Unless otherwise specified in the order, a voluntary dismissal is without prejudice.  *Id.*

It would appear, based on the complaint, that no judgment has been entered by the divorce court imposing *any* payment obligation on the debtor.   As a result, the present complaint is arguably premature.   The court can only speculate that it was filed when it was

---

[1]  The debtor filed a motion to extend the time to file an answer but never noticed the motion for a hearing.

because of a mistaken belief that it had to be filed within 60 days after the meeting of creditors. That was true of bankruptcy cases filed *before* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA"), but is *not* true for cases filed on or after that date.

Prior to BAPCPA, divorce-related debts, other than those for support, were conditionally non-dischargeable, and even then, only if the non-debtor spouse brought an action in the bankruptcy court to determine the dischargeability of the claim within 60 days of the meeting of creditors. Former § 523(a)(15) and (c), Bankruptcy Code; Fed.R.Bankr.P. 4007(c). Under the former statute, moreover, such debts could be discharged *if* the debtor could not afford to pay them or the benefit to the debtor of discharging them outweighed the detriment to the non-debtor spouse. Former § 523(a)(15)(A) and (B), Bankruptcy Code. For cases filed *after* BAPCPA, however, the affirmative defenses no longer apply—that is, such debts are nondischargeable regardless of the debtor's ability to pay or the benefit of discharge.[2] Moreover, the requirement that the determination of non-dischargeability be made by the bankruptcy court has been eliminated. *See* § 523(c). Accordingly, a complaint to determine the dischargeability of a debt under § 523(a)(15) may be brought in the bankruptcy court "at any time." Fed.R.Bankr.P. 4007(b). Indeed, since § 523(a)(15) is no longer one of the exceptions to discharge over which the bankruptcy court has sole

---

[2] This is only true, it must be stressed, in cases under chapter 7 and chapter 11 and in those chapter 13 cases in which the debtor receives a so-called "hardship" discharge under § 1328(b). Such debts *are* discharged, however, in chapter 13 cases in which the debtor receives a normal discharge under § 1328(a).

jurisdiction, a determination of dischargeability may be made by any court that otherwise has jurisdiction over the parties.

Since there is no longer a time limit for bringing a complaint to determine dischargeability under § 523(a)(15), and since any determination of whether a specific debt falls within the exception will be difficult to make until a final order is entered in the divorce case, the court can see no reason why dismissal of the present complaint should be with prejudice.  This is not an action in which dismissal is sought after extensive discovery efforts and trial preparation.  There have been no motions for summary judgment and no depositions.  A final pretrial conference is two months off.  Although the complaint may have been brought unnecessarily or prematurely, it does not appear on its face to have been brought vexatiously or in bad faith.  Accordingly, the court declines to order dismissal with prejudice.

With respect to the request for attorney's fees, the debtor's response does not state the amount of fees incurred in the defense of the adversary proceeding.  They must, however, be relatively modest, since the only pleading filed by the debtor has been an answer to the complaint, and discovery has been limited to service of interrogatories and a request for production of documents on Mr. Asberry.  This is not, as noted, a case in which dismissal is sought on the eve of trial or after extensive discovery efforts or motions for summary judgment.  Accordingly, the court finds no basis to condition either dismissal or refiling upon the payment of the debtor's attorney's fees.

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to dismiss is granted, and this adversary proceeding stands dismissed.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                                                Stephen S. Mitchell
Alexandria, Virginia                                 United States Bankruptcy Judge

Copies to:

Tori D. Gasmalla, Esquire
815 King Street, Suite 210
Alexandria, VA  22314
Counsel for the plaintiff

Tori D. Gasmalla, Esquire
8153 Millwright Lane
Charlotte, NC  28277
Counsel for the plaintiff

Joseph M. Goldberg, Esquire
Ammerman & Goldberg
1115 Massachusetts Ave., N.W.
Washington, DC  20005
Counsel for the defendant